```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS


CLAUDINOR ALVES DA CRUZ,       )
         Plaintiff,            )
                               )
         v.                    )    C.A. No. 11-10818-DPW
                               )
DENIS RIORDAN, ET AL.,         )
         Defendants.           )
```

                       MEMORANDUM AND ORDER
                          May 11, 2011

WOODLOCK, D.J.

I.   INTRODUCTION

     On May 9, 2011, plaintiff Claudinor Alves Da Cruz ("Alves Da Cruz"), an immigration detainee at the Plymouth County House of Corrections in Plymouth, Massachusetts, filed, through his counsel, Saher J. Macarius, Esq., a "Complaint for Writ in the Nature of Mandamus" against various federal officials,[1] under 28 U.S.C. § 1361 and 5 U.S.C. § 551 (the Administrative Procedures Act.  Along with his Complaint, Alves Da Cruz filed an Emergency Motion to Stay Removal (Docket No. 2) with a proposed Order attached.  He seeks an Order staying removal, awarding attorney's fees and costs, and other equitable relief.

     In his pleadings, Alves Da Cruz alleges that the Department of Homeland Security is attempting to remove him to Brazil on Wednesday, May 11, 2011, and he was apprised of his removal on

---

[1] Alves Da Cruz names as defendants: (1) Denis Riordan, United States Citizenship and Immigration Services ("USCIS") District Director of the Boston District Office; (2) Alejandro Mayorkas, Director, USCIS; (3) Janet Napolitano, Secretary of the U.S. Department of Homeland Security; (4) Eric Holder, Attorney General of the United States; and (5) Carmen M. Ortiz, United States Attorney for the District of Massachusetts.  Alves Da Cruz paid the $350.00 civil action filing fee, and the Clerk issued summonses as to the defendants on May 9, 2011.

May 9, 2011.  Alves Da Cruz seeks mandamus against the defendants to compel action on his properly-filed I-130 (petition for alien relative)[2] and his properly-filed I-485 (application to register permanent residence or adjustment status a/k/a "greencard application"), which he filed on March 28, 2011.  Alves Da Cruz contends that the defendants have improperly withheld action on these applications, to his detriment, in violation of the Administrative Procedures Act, 5 U.S.C. § 551 *et seq*.

Alves Da Cruz's contends that he is entitled to legal permanent resident status ("PRS") because he is married to a United States Citizen, Leah Knipe, who currently is pregnant with their child, due on June 8, 2011.  He further asserts eligibility for PRS because he was paroled into the United States and has no criminal record.

Alves Da Cruz claims that USCIS has delayed adjudicating his case.  USCIS had not issued the receipt notice of his applications until April 27, 2011, and the Boston District Office has been unable to process his case because of delays in transferring his file.  He has attempted numerous times to inquire into the status of his applications, to no avail, and now maintains that the defendants are unlawfully withholding or unreasonably delaying action on his petitions, thus failing to

---

[2] I note that the Notice of Receipt of the I-130 visa petition lists plaintiff as "Claudi**o**nor" Alves Da Cruz; however, the instant Complaint lists plaintiff as "Claudinor" Alves Da Cruz.  The same is true for the I-485 application.

carry out the adjudicative functions delegated to them by law.

Finally, Alves Da Cruz claims the refusal to act in a timely fashion is arbitrary and his removal will render the adjudication of his applications moot. He asserts his constitutional rights will be violated should he be removed, and that he will suffer great emotional damage, as he will be barred from re-entry into the United States for 10 years. Moreover, his wife will suffer irreparable harm because she is unemployed and is expecting their first child in June.

II. DISCUSSION

As a threshold matter, I construe Alves Da Cruz's Emergency Motion to Stay Removal as a request for an *ex parte* Temporary Restraining Order ("TRO"). To obtain the extraordinary remedy of a TRO, Alves Da Cruz must show that: (1) he will suffer irreparable harm absent an injunction; (2) the injury outweighs the harm to the defendants if granted; (3) he is likely to succeed on the merits of the case, and (4) the injunction does not adversely affect the public interest. *Planned Parenthood League of Mass. v. Bellotti*, 641 F.2d 1006, 1009 (1st Cir. 1981); *see Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Bishop*, 839 F. Supp. 68, 70 (D. Me. 1993)(extending four part preliminary injunction test to temporary restraining orders). Additionally, Alves Da Cruz must demonstrate that his injury of loss is "immediate and irreparable." Fed. R. Civ. P. 65(b).

At this juncture, I cannot find that Alves Da Cruz has

3

satisfied the requirements of Rule 65, particularly where the lapse of time between the filing of the applications and the filing of the instant action is less than two months (*i.e.*, from March 28, 2011 to May 9, 2011). Thus, I cannot find, at this juncture, that the failure of USCIS to act on Alves Da Cruz's applications is an unreasonable delay in violation of the Administrative Procedures Act, notwithstanding that there are significant consequences associated with his removal.

As Judge O'Toole has observed:

> Although it has not mandated a time limit, the expressed "sense of the Congress" is that "the processing of an immigration benefit application should be completed not later than 180 days after the initial filing of the application." See 8 U.S.C. § 1571(b). Because Congress stopped short of mandating a time limit, the six month period for processing seems to be an aspirational goal, rather than an enforceable standard.

*Aziz v. Chadbourne*, 2007 WL 3024010, *2 n.2 (D. Mass. 2007)(O'Toole, J.). Even using the six-month period as an enforceable gauge, I cannot find that the failure to adjudicate the applications at issue here evidences an unreasonable delay or refusal of USCIS to carry out the adjudicative functions delegated to it by law.

More fundamentally, however, I cannot find that Alves Da Cruz has demonstrated sufficiently that I have jurisdiction to stay removal, where THE REAL ID Act of 2005 has stripped the District Courts of jurisdiction to stay a final order of removal.

4

*See Aziz*, 2007 WL 3024010 at *1 (in action to compel USCIS to act on plaintiff's application for adjustment of status on the grounds that USCIS had not made a final decision on application and removal was imminent, district court denied emergency motion to stay removal, finding the court lacked jurisdiction under 8 U.S.C. § 1252(g)). *See also Aziz v. Chadbourne*, No. 07-2708 (1st Cir. 2007)("The emergency motion for a stay of removal is denied. Judging by the arguments made so far, the jurisdictional basis and merits of the petitioner's action in district court are too doubtful to justify interim relief.").

Even if this Court were to have jurisdiction to consider the Complaint for Mandamus to compel the USCIS to rule on Alves Da Cruz's applications[3], such relief is not warranted at this time given the relatively brief pendency of the applications. In any event, this Court does not have jurisdiction to grant the relief

---

[3]*See Patel v. Napolitano*, 2009 WL 2922946, *3 (E.D. Mich. 2009)("The Administrative Procedures Act requires administrative agencies to conclude all matters before them within a "reasonable time," and authorizes the Court to compel agency action 'unreasonably delayed.' 5 U.S.C. §§ 555(b); 706(1). The Mandamus Act gives the district courts jurisdiction to compel an agency to perform a duty owed to a plaintiff when a petitioner has a clear right to relief; the defendant has a clear, non-discretionary duty to act; and there is no other adequate remedy available. 28 U.S.C. § 1361."). *See also Marrakchi v. Secretary, U.S. Dept. Of Homeland Security*, 2010 WL 2854252, *2 (M.D. Fla. 2010)(declining to dismiss challenge to denial of I-485 application for lack of subject matter jurisdiction, stating that: "[a]bsent additional briefing from the parties (and, in particular, from the Government, which has not yet been served nor made any appearance in this action), the Court cannot conclude at this time that it is without jurisdiction to entertain the Complaint.").

petitioner seeks through a stay of his removal.

III. CONCLUSION AND ORDER

Based on the foregoing it is hereby Ordered that plaintiff's Emergency Motion to Stay Removal (Docket No. 2) is <u>DENIED</u>.

SO ORDERED.

<u>　/s/ Douglas P. Woodlock　　</u>
UNITED STATES DISTRICT JUDGE